1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CARLA VISENDI, ET AL.,               No. 2:11-cv-02413-MCE-GGH

12           Plaintiffs,

13      v.                                 ORDER

14   BANK OF AMERICA CORP., ET AL.,

15           Defendants.

16                            ----oo0oo----

17

18      Before the Court is Plaintiff's Motion for Leave to Amend

19   Complaint (ECF No. 87).  The Motion is granted.  All other

20   pending motions, except for Plaintiffs' Ex Parte Request for

21   Pendente Lite Order (ECF No. 140) are therefore moot.[1]  The Ex

22   Parte Request for Pendente Lite Order (ECF No. 140) is denied.

23   ///

24   ///

25   ///

26   _____

27       [1] The motions that are currently pending and are rendered
     moot are the: (1) Motions to Dismiss - ECF Nos. 8, 17, 47, 53,
     59, and 73; (2) Motion to Remand - ECF No. 20; (3) Motion to Stay
28   - ECF No. 21; and (4) Motion to Strike - ECF No. 25.

                                 1

1

**BACKGROUND**

2

3      This is a "mass action" in which approximately 137

4  plaintiffs generally allege that the defendants (banks and other

5  entities that are engaged in, or participated in, the mortgage

6  business), perpetrated a massive fraud by inducing the plaintiffs

7  to enter into mortgages between 2003 and 2008 which thereafter

8  lost value damaging plaintiffs.  (Complaint, ECF No. 2, Ex. A.

9  ("Compl.")  Plaintiffs originally brought suit in the Superior

10  Court of California - Sacramento, but the case was removed to

11  this Court in September 2011 on the basis of diversity

12  jurisdiction.  (See ECF No. 2 and Compl., ECF No. 2, Ex. A).

13      Plaintiffs did not amend their Complaint within the twenty-

14  one-day time period provided for by Federal Rules of Civil

15  Procedure 15(a)(1) (permitting a plaintiff to amend complaint as

16  a matter of course within twenty-one days after serving it).[2]

17  Thereafter, the parties filed numerous motions, including several

18  motions to dismiss (see supra note 1).  In November 2011,

19  Plaintiffs filed the instant Motion to Amend, which was unopposed

20  by all Defendants except for WMC Mortgage, LLC ("WMC") (ECF

21  No. 109) and NL Inc.[3] ("NL") (ECF No. 114).

22

---

23      [2] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

24

25      [3] The following Defendants filed Statements of Non-
Opposition: (1) Bank of America Corporation; Countrywide
Financial Corporation; Countrywide Home Loans, Inc.; Bank of
26  America, N.A. (Successor by Merger to Bac Home Loans Servicing,
LP); CTC Real Estate Services; First Franklin Financial
27  Corporation; Recontrust Company, N.A.; Federal National Mortgage
Association; the Bank of New York Mellon Corporation; and the
28                                          (continued...)

1    In their Motion to Amend, Plaintiffs contend that

2 Defendants' motions to dismiss generally challenged the

3 sufficiency of their pleadings under Rule 9(b) (heightened

4 pleading standard for fraud allegations) and they want to amend

5 their pleadings to address the alleged deficiencies.  (ECF No. 81

6 at 1-2.)   In addition, Plaintiffs want to (1) add additional

7 causes of action; (2) add additional similarly-situated

8 plaintiffs; and (3) remove claims that are based on the

9 Constitutional Right to Privacy.  (Id. at 2).

10    Defendants WMC and NL oppose.  (ECF Nos. 109 and 114).  WMC

11 generally contends that (1) Plaintiffs desire to expand their

12 complaint is unsupported, (2) would be futile because Plaintiffs

13 have not stated a claim against WMC; and (3) is procedurally

14 defective because it was filed two days before Plaintiffs'

15 opposition was due.  (ECF No. 109 at 2-5.)   NL also contends that

16 leave to amend should be denied as futile because Plaintiffs have

17 failed to state any cause of action as to NL. (ECF No. 114 at 1-

18 4.)

19    On March 9, 2012, Plaintiffs filed an "Ex Parte Request for

20 Pendente Lite Order," in which they request that the Court enjoin

21 all foreclosure or repossession actions directed at Plaintiffs'

22 real property pending the Court's jurisdictional decision.  (ECF

23 No. 140).  The BAC Defendants filed an opposition.  (ECF No.

24 141.)

25

26 _____

27    [3](...continued)
Bank of New York Trust Company, N.A.(ECF No. 111) (the "BAC
Defendants"); (2) CitiMortgage, Inc. (ECF No. 113); and (3) HSBC

28 Bank USA, N.A. (ECF No. 116).

1

**ANALYSIS**

2

3      Rule 15(a)(2) provides that when a party moves to amend

4  before trial, "[t]he court should freely give leave when justice

5  so requires."  Courts generally consider four factors in

6  determining whether to deny a motion to amend: "bad faith, undue

7  delay, prejudice to the opposing party, and the futility of

8  amendment."  <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994);

9  <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182(1962) (stating that

10  Rule 15(a)'s "mandate is to be heeded," and that "[i]n the

11  absence of any apparent or declared reason . . . the leave sought

12  should, as the rules require, be 'freely given.' ").  Generally,

13  leave to amend is denied only when it is clear the deficiencies

14  of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow</u>

15  <u>Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

16      Here, Plaintiffs have not yet amended their original

17  Complaint, a fact that which weighs strongly in favor of

18  permitting them to amend now.  Further, it appears that

19  permitting Plaintiffs to amend will assist both the parties and

20  the Court by giving Plaintiffs the chance to tailor their claims

21  and allegations in light of Defendants' contentions in the

22  motions to dismiss, as well as whatever new information

23  Plaintiffs have developed.  The Court is not persuaded by WMC and

24  NL's futility contentions at this time, as Plaintiffs' amendment

25  may address the issues WMC and NL raise.  Therefore, the Court

26  will permit Plaintiffs leave to amend their Complaint.

27  ///

28  ///

1      Plaintiffs' request that the Court enjoin all foreclosure

2  and repossession activity directed at their property pending the

3  Court's jurisdictional decision (ECF No. 140), on the basis that

4  while this action is pending, some Plaintiffs are being

5  dispossessed of their properties as Defendants file eviction

6  actions in state courts, and these courts, Plaintiffs contend,

7  are usurping the Court's power to decide the issues related to

8  Plaintiffs' property.  (Id. at 2-7.)

9      While it is within the Court's authority to issue a

10 preliminary injunction where final equitable relief is sought,

11 see Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552,

12 559 (9th Cir. 1992) ("the injunction is authorized by the

13 district court's inherent equitable power to issue provisional

14 remedies ancillary to its authority to provide final equitable

15 relief"), Plaintiffs' request is premature and factually

16 deficient.  Here, Plaintiffs' claims have not yet been tested and

17 they have chosen to amend their Complaint in the face of multiple

18 motions to dismiss by adding and removing parties, allegations,

19 and claims, so what the nature of their allegations and claims

20 will be in their amended complaint is a matter of speculation.

21 Plaintiffs' bare allegations of irreparable harm raised in the

22 pendente lite request are conclusory and this Court has no basis

23 to conclude that the eviction actions are unlawful or

24 unreasonable.[4]

25 _____

26      [4] Notably, under California law, a "judicial action" to
   enjoin foreclosure is proper where the moving party demonstrates
27 a "*specific factual basis*," which would justify the injunction.
   Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149,
28                                              (continued...)

5

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Amend Complaint (ECF No. 87) is GRANTED and Plaintiffs' Ex Parte Request for Pendente Lite Order (ECF No. 140) is DENIED. Plaintiffs shall file any amended complaint within thirty (30) calendar days after this Order is filed electronically.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
1156 (2011) (emphasis in original).  Pending any amended complaint, the Court is not persuaded that Plaintiffs have sufficiently alleged a factual basis to support injunctive relief at this time.

6