
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLA VISENDI, ET AL.,             No. 2:11-cv-02413-MCE-GGH

    Plaintiffs,

  v.                          <u>ORDER</u>

BANK OF AMERICA CORP., ET AL.,

    Defendants.

----oo0oo----

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 87). The Motion is granted. All other pending motions, except for Plaintiffs' Ex Parte Request for Pendente Lite Order (ECF No. 140) are therefore moot.[1] The Ex Parte Request for Pendente Lite Order (ECF No. 140) is denied.

///
///
///

---

[1] The motions that are currently pending and are rendered moot are the: (1) Motions to Dismiss - ECF Nos. 8, 17, 47, 53, 59, and 73; (2) Motion to Remand - ECF No. 20; (3) Motion to Stay - ECF No. 21; and (4) Motion to Strike - ECF No. 25.

1

**BACKGROUND**

This is a "mass action" in which approximately 137 plaintiffs generally allege that the defendants (banks and other entities that are engaged in, or participated in, the mortgage business), perpetrated a massive fraud by inducing the plaintiffs to enter into mortgages between 2003 and 2008 which thereafter lost value damaging plaintiffs. (Complaint, ECF No. 2, Ex. A. ("Compl.")  Plaintiffs originally brought suit in the Superior Court of California - Sacramento, but the case was removed to this Court in September 2011 on the basis of diversity jurisdiction. (See ECF No. 2 and Compl., ECF No. 2, Ex. A).

Plaintiffs did not amend their Complaint within the twenty-one-day time period provided for by Federal Rules of Civil Procedure 15(a)(1) (permitting a plaintiff to amend complaint as a matter of course within twenty-one days after serving it).[2] Thereafter, the parties filed numerous motions, including several motions to dismiss (see supra note 1).  In November 2011, Plaintiffs filed the instant Motion to Amend, which was unopposed by all Defendants except for WMC Mortgage, LLC ("WMC") (ECF No. 109) and NL Inc.[3] ("NL") (ECF No. 114).

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] The following Defendants filed Statements of Non-Opposition: (1) Bank of America Corporation; Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Bank of America, N.A. (Successor by Merger to Bac Home Loans Servicing, LP); CTC Real Estate Services; First Franklin Financial Corporation; Recontrust Company, N.A.; Federal National Mortgage Association; the Bank of New York Mellon Corporation; and the
(continued...)

2

1          In their Motion to Amend, Plaintiffs contend that
2    Defendants' motions to dismiss generally challenged the
3    sufficiency of their pleadings under Rule 9(b) (heightened
4    pleading standard for fraud allegations) and they want to amend
5    their pleadings to address the alleged deficiencies.  (ECF No. 81
6    at 1-2.)  In addition, Plaintiffs want to (1) add additional
7    causes of action; (2) add additional similarly-situated
8    plaintiffs; and (3) remove claims that are based on the
9    Constitutional Right to Privacy.  (Id. at 2).
10         Defendants WMC and NL oppose.  (ECF Nos. 109 and 114).  WMC
11   generally contends that (1) Plaintiffs desire to expand their
12   complaint is unsupported, (2) would be futile because Plaintiffs
13   have not stated a claim against WMC; and (3) is procedurally
14   defective because it was filed two days before Plaintiffs'
15   opposition was due.  (ECF No. 109 at 2-5.)  NL also contends that
16   leave to amend should be denied as futile because Plaintiffs have
17   failed to state any cause of action as to NL. (ECF No. 114 at 1-
18   4.)
19         On March 9, 2012, Plaintiffs filed an "Ex Parte Request for
20   Pendente Lite Order," in which they request that the Court enjoin
21   all foreclosure or repossession actions directed at Plaintiffs'
22   real property pending the Court's jurisdictional decision.  (ECF
23   No. 140).  The BAC Defendants filed an opposition.  (ECF No.
24   141.)

---

[3](...continued)
Bank of New York Trust Company, N.A.(ECF No. 111) (the "BAC Defendants"); (2) CitiMortgage, Inc. (ECF No. 113); and (3) HSBC Bank USA, N.A. (ECF No. 116).

**ANALYSIS**

Rule 15(a)(2) provides that when a party moves to amend before trial, "[t]he court should freely give leave when justice so requires." Courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that Rule 15(a)'s "mandate is to be heeded," and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.' "). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

Here, Plaintiffs have not yet amended their original Complaint, a fact that which weighs strongly in favor of permitting them to amend now. Further, it appears that permitting Plaintiffs to amend will assist both the parties and the Court by giving Plaintiffs the chance to tailor their claims and allegations in light of Defendants' contentions in the motions to dismiss, as well as whatever new information Plaintiffs have developed. The Court is not persuaded by WMC and NL's futility contentions at this time, as Plaintiffs' amendment may address the issues WMC and NL raise. Therefore, the Court will permit Plaintiffs leave to amend their Complaint.

///

///

Plaintiffs' request that the Court enjoin all foreclosure and repossession activity directed at their property pending the Court's jurisdictional decision (ECF No. 140), on the basis that while this action is pending, some Plaintiffs are being dispossessed of their properties as Defendants file eviction actions in state courts, and these courts, Plaintiffs contend, are usurping the Court's power to decide the issues related to Plaintiffs' property.  (Id. at 2-7.)

While it is within the Court's authority to issue a preliminary injunction where final equitable relief is sought, see Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 559 (9th Cir. 1992) ("the injunction is authorized by the district court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief"), Plaintiffs' request is premature and factually deficient.  Here, Plaintiffs' claims have not yet been tested and they have chosen to amend their Complaint in the face of multiple motions to dismiss by adding and removing parties, allegations, and claims, so what the nature of their allegations and claims will be in their amended complaint is a matter of speculation. Plaintiffs' bare allegations of irreparable harm raised in the pendente lite request are conclusory and this Court has no basis to conclude that the eviction actions are unlawful or unreasonable.[4]

---

[4] Notably, under California law, a "judicial action" to enjoin foreclosure is proper where the moving party demonstrates a "*specific factual basis*," which would justify the injunction. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149,
(continued...)

5

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Amend Complaint (ECF No. 87) is GRANTED and Plaintiffs' Ex Parte Request for Pendente Lite Order (ECF No. 140) is DENIED. Plaintiffs shall file any amended complaint within thirty (30) calendar days after this Order is filed electronically.

IT IS SO ORDERED.

Dated: June 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
1156 (2011) (emphasis in original).  Pending any amended complaint, the Court is not persuaded that Plaintiffs have sufficiently alleged a factual basis to support injunctive relief at this time.