UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA VISENDI, et al., | No. 2:11-cv-02413-MCE-GGH |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| BANK OF AMERICA, N.A., | |
| Defendants. | |

Through this action, Plaintiffs, a group of 160 individuals with Carla Visendi as the first named Plaintiff, seek redress from Defendants Bank of America, Countrywide Financial Corporation, Countrywide Home Loans, Inc., ReconTrust Co., Bank of New York Mellon, the Federal National Mortgage Association, Wells Fargo Bank, U.S. Bank, Bank of the West, and HSBC Bank, among others, for violations of state law. Plaintiffs generally challenge the securitization of their home mortgage loans. Plaintiffs also contend that they were misled by Defendant Bank of America in their various attempts to modify their loans.

Plaintiffs originally filed suit in Superior Court of California, County of Sacramento, alleging eight state law causes of action. (ECF No. 2.) Defendants removed the case to federal court on September 12, 2011, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 1.)

On July 23, 2012, Plaintiffs filed their First Amended Complaint, alleging state law claims for invalid assignment, mistake and negligence. (ECF No. 149.) Presently before the Court is a motion to dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] by Defendants Bank of America, Countrywide Financial Corporation, Countrywide Home Loans, Inc., ReconTrust Co., Bank of New York Mellon, and the Federal National Mortgage Association's Motion (collectively, "Defendants"). (ECF No. 153.) Defendants also move to dismiss Plaintiffs' First Amended Complaint for improper joinder under Rule 20. (Id.) Defendants Wells Fargo Bank, U.S. Bank, Bank of the West and USBC Bank USA join the motion. (ECF Nos. 156, 163, 168.) Plaintiffs timely opposed the motion. (ECF No. 165).

Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, Defendants' Motion to Dismiss is DENIED AS MOOT and the case is REMANDED to California Superior Court, County of Sacramento.[2]

## BACKGROUND[3]

Plaintiffs, a group of 160 individuals, own separate properties in various states. Plaintiffs obtained home mortgage loans from different lenders, their loans are serviced by different companies and are owned by different investors. Plaintiffs make general allegations that Defendants, their subsidiaries and their predecessors in interest, systematically issued predatory loans to unqualified borrowers. Plaintiffs' loans were transferred into residential mortgage-backed securities.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local R. 78-230(g).

[3] The following recital of facts is taken from Plaintiffs' First Amended Complaint unless otherwise stated.

Plaintiffs had no knowledge that their loans could be assigned or transferred to "anything other than a traditional lender," and Plaintiffs did not know that the party demanding payment on each of their individual loans was not a "traditional lender" until "the securitization scheme came to light in the media over the past few years." Plaintiffs also contend that their individual loans were transferred improperly, as they allege that there was fraudulent documentation, that MERS was used to transfer Plaintiffs' loan documents without recording the transfers, and that Plaintiffs received improper or no notice of the transfers.

Plaintiffs were told that their loans were affordable because Plaintiffs met the quality underwriting guidelines. Plaintiffs believed these representations. However, when Plaintiffs' loans later became unaffordable, Plaintiffs contacted Defendant Bank of America to "try to work something out, outside of court." Plaintiffs generally allege that Defendant Bank of America offered to work with Plaintiffs to modify their loans and then misled Plaintiffs about both the likelihood of receiving loan modifications and the status of Plaintiffs' individual pending loan modification applications. Plaintiffs encountered many obstacles in their attempts to receive loan modifications, and Plaintiffs allege that Defendant Bank of America put these obstacles in place to forestall Plaintiffs' loan modification processes. Finally, Plaintiffs allege that Defendant Bank of America's conduct ultimately led to Plaintiffs' losing equity and investments in their properties.

## STANDARD

### A.  Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

///

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the Court determines that removal was improper, then the Court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The Court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///
///
///
///
///
///

**B.     Joinder**

Under Rule 20, parties may join together in one action if two requirements are met: (1) the plaintiffs' asserted a right to relief arises out of the same transaction or occurrence; and (2) a question of law or fact common to all the plaintiffs arises in the action. See Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Each of the two prongs must be satisfied for the Court to sustain party joinder under Rule 20. Desert Empire Bank, 623 F.2d at 1375. Should the Court find that the requirements for permissive joinder are not met, the Court "in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. In such a case, the Court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs." Coughlin, 130 F.3d at 1350 (internal citations omitted).

## ANALYSIS

"Congress passed the Class Action Fairness Act 'primarily to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts.'" United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090 (9th Cir. 2010) (quoting Tanoh v. Dow Chem. Co., 561 F.3d 945, 952 (9th Cir. 2009)). "To achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimum diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." Id. at 1090-91 (citing Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020 (9th Cir. 2007)).

"CAFA also covers more than traditional class actions by providing for removal of 'mass actions.'" Id. (citing Tanoh, 561 F.3d at 952); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006).  Pursuant to CAFA, district courts have original jurisdiction over so-called "mass actions" in which the amount in controversy exceeds $5,000,000 and minimal diversity exists.  28 U.S.C. § 1332(d)(11)(A).  CAFA defines a "mass action" as "any civil action (except a [class action]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims <u>involve common questions of law or fact</u>, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements." Id. § 1332(d)(11)(B)(i) (emphasis added); Tanoh, 561 F.3d at 952.

Defendants Bank of America and BAC Home Loans Servicing removed this case from Superior Court pursuant to CAFA's "mass action" provision.  (ECF No. 2 at 5 (citing 28 U.S.C. § 1332(d).)  Defendants now assert that Plaintiffs "have failed to show that their claims arise out of the same transaction or occurrence, or that they involve common questions of law and fact," as required by Rule 20.  (ECF No. 153 at 13).  Defendants specifically state that "Plaintiffs' claims here demonstrate different lengths of delay, different applications for different modification programs, and different factual situations requiring individualized attention from the loan servicers in processing the modification application."  (ECF No. 153 at 14.)  Thus, Defendants argue, "[b]ecause each Plaintiff's claims of delay and negligence requires the Court to analyze different factual considerations of the reasons for, and the reasonableness of, the alleged facts, Plaintiffs fail to meet the second prong under Rule 20."  (ECF No. 153 at 14.)  Defendants therefore request that the Court dismiss all but the first named Plaintiff.  (ECF No. 170 at 4.)

Defendants thus make contradictory representations to the Court.  In removing the case from state court pursuant to CAFA, Defendants Bank of America Corporation and Bank of America, N.A., asserted to the Court that Plaintiffs' claims "involve common questions of law or fact," as required for CAFA jurisdiction.

(ECF No. at 6 (citing 28 U.S.C. § 1332(d)(11)(B)(i)).) Defendants' Notice of Removal specifically states that

> Plaintiffs propose to try their monetary relief claims jointly on the ground that their claims involve common questions of law or fact relating to Defendants' alleged: (1) acts requiring rescission of Plaintiffs' mortgages; (2) fraudulent concealment in connection with the origination of Plaintiffs' mortgages; (3) intentional misrepresentations in connection with the origination of Plaintiffs' mortgages; (4) negligent misrepresentation in connection with the origination of Plaintiffs' mortgages; (5) invasion of Plaintiffs' constitutional right to privacy; and (6) violation of California Civil Code section 1798.82.

(ECF No. 2 at 6-7.) In short, Defendants simply listed Plaintiffs' claims for relief and asserted to the Court that these claims involved a common question of law or fact. Now, Defendants argue that all Plaintiffs except the first named Plaintiff should be dismissed because Plaintiffs' claims for invalid assignment, mistake, and negligence have no common question of law or fact as Rule 20 requires. While Plaintiffs have not moved to remand, their reply notes that Defendants' Rule 20 argument is inconsistent with Defendants' basis for removal.

Defendants' reply argues that removal jurisdiction existed over the 137 original Plaintiffs when Defendants removed this "mass action" under CAFA on September 12, 2011. Defendants state that removal jurisdiction existed because "the Original Complaint was on behalf of more than 100 persons, placed over $5 million in controversy, and had 'minimum diversity.' Each of those original plaintiffs specifically sought over $75,000 individually, and they asserted claims for rescission of their loans, fraud, privacy violations, and wrongful foreclosure." Plaintiffs originally pled eight causes of action: rescission; fraudulent concealment; intentional misrepresentation; negligent misrepresentation; violation of the right to privacy as guaranteed by the California Constitution; and violations of sections 2923.5, 1798.82 and 2924 of the California Civil Code.

///

///

///

7

Although Plaintiffs' claims have changed from those asserted in the original Complaint that Plaintiffs filed in California state court, Defendants do not explain how it is possible that Plaintiffs asserted a common question of law or fact at the time the action was removed, but fail to do so now.  Nor do Defendants attempt to clarify what the common questions of law or fact were when the case was first filed; rather, they simply list the causes of action.  It therefore appears that at the time of removal, as now, each Plaintiff's claims "[would] requir[e] the Court to analyze different factual considerations of the reasons for, and the reasonableness of, the alleged facts."  (ECF No. 153 at 14.)  Indeed, as Defendants point out, just as in Coughlin, "Plaintiffs claims demonstrate different lengths of delay, different applications for different modification programs, and different factual situations requiring individualized attention from the loan services in professing the modification application."  (Id. (citing Coughlin, 130 F.3d at 1350-51).)  "The mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact.  Clearly, each Plaintiff's claim is discrete, and involves different legal issues, standards, and procedures."  Coughlin, 130 F.3d at 1351.  Thus, for the same reason Plaintiffs' claim currently lacks a common question of law or fact, Plaintiffs' claim lacked a common question of law or fact at the time that Defendants removed the case from state court.  See id. at 1350-51.

In support of their argument, Defendants cite to several cases, including numerous unpublished opinions from other jurisdictions, that they contend support their position.  However, many of these cases do not involve mass actions removed pursuant to CAFA, and none of these cases address the specific situation presently before the Court—that is, the situation in which a defendant first removed a case from state court pursuant to the CAFA mass action provision, and subsequently asserts improper joinder.  For example, Defendants rely on United Steel, 602 F.3d at 1091-92, in support of their contention that the Court should retain jurisdiction over the present case although post filing developments may mean that the case is no longer subject to CAFA.  (ECF No. 170 at 4.)

8

United Steel generally stands for the proposition that a federal court retains jurisdiction over a CAFA putative class action although class certification was ultimately denied and the case was no longer subject to CAFA.  More specifically, in United Steel, when the plaintiffs filed suit in state court, they satisfied the numerosity (less than 100 persons) and aggregated amount-in-controversy ($5,000,000 or greater) requirements of 28 U.S.C. § 1332(d).  602 F.3d at 1090.  "Accordingly, Plaintiffs could have brought the action in federal court.  Defendants therefore were within their rights to remove the case to federal court pursuant to § 1453."  Id.  Plaintiffs then sought certification of two classes of plaintiffs.  Id.  However, the district court denied certification, "concluding that class resolution was not superior to other methods of adjudication . . . reason[ing] that a class action would be difficult to manage and that damages would be difficult to calculate . . . ."  Id.  The district court then remanded the case to state court, finding that because the case "no longer satisfied CAFA's jurisdictional requirements," the district court could not retain jurisdiction over the case.  Id. (emphasis added).  United Steel does not address whether remand of a case removed pursuant to the mass action provision is proper when there is not, and never was, a common question of law or fact.  Rather, the case holds that CAFA creates original federal jurisdiction prior to class certification for putative class action cases in which "jurisdiction was properly invoked as of the time of filing."  Id. at 1091-92.  Moreover, the court in United Steel noted that it recognized "exceptions to the general rule of 'once jurisdiction, always jurisdiction'—such as when . . . there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start."  (Id. at 1092 n.3 (citing Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806-07 (7th Cir. 2010)).

In this case, Defendants have failed to show that "jurisdiction was properly invoked as of the time of filing."  Id. at 1091-92.  This case is distinguished from United Steel, and others that Defendants cite to, because this case is not one that "no longer satisfie[s]" the CAFA mass action jurisdictional requirements.  Id. at 1090.

///

9

Rather, the present case never satisfied the CAFA mass action jurisdictional requirements, as Defendants have failed to show that there was a common question of law or fact at the time of removal from state court. While Defendants argue that Plaintiffs' claims once contained a common question of law or fact, and no longer do, Defendants fail—in both their briefs and at oral argument—to explain to the Court's satisfaction what those common questions of law and fact were at the time of removal, and why they are no longer present.

Defendants also cite to Cooper v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312 (M.D. Fl. 2008), to support their "remove then sever" strategy. In Cooper, "plaintiffs were members of a class action which the Florida Supreme Court decertified, nevertheless allowing the former class members to bring individual claims. However, rather than filing individual suits, plaintiffs . . .packaged these 'individual' claims in lots of 200 for purposes of trial—thus creating 'class actions in disguise.'" 586 F. Supp. 2d at 1322. Thus, the Court found, "plaintiffs' litigation strategy . . . invited defendants' CAFA removal," as the plaintiffs essentially sought to bring a class action in disguise. Id. By contrast, in the present case Plaintiffs in no way invited Defendants' CAFA removal, other than by proposing to try their claims jointly in state court; Plaintiffs have not attempted to achieve an end-run around a prior decertification of their claims. Rather, it is Defendants' conduct that smacks of gamesmanship and bad faith, in both their "remove then sever" strategy and their inconsistent assertions to the Court.

Finally, the Middle District of Florida found that "Defendants' 'remove, then sever' strategy, although procedurally defensible, could be viewed as a misuse of CAFA jurisdiction.'" Id. Here, by contrast, Defendants' strategy is procedurally indefensible, as Defendants fail to demonstrate to the Court that a common question of law or fact existed at the time of removal. Moreover, Defendants' conduct misuses both CAFA jurisdiction and the Federal Rules of Civil Procedure.

///

///

10

Defendants' bad faith conduct in making such contradictory assertions to the Court, see supra, when coupled with Defendants' failure to allay the Court's concerns about the appropriateness of removal in the first instance, compel the Court to reach a different result from the one reached in Cooper.

"If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. This is true even where CAFA provides a basis for removal." Molina v. Lexmark Int'l, Inc., 2008 WL 4447678 (C.D. Cal. Sept. 30, 2008) (citing Abrego Abrego, 443 F.3d at 685 ("Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.")). Because Plaintiffs' claims do not present a common question of law or fact, and because Defendants have not established that Plaintiffs' claims did present such a common question at the time of removal, Defendants' removal under the CAFA mass action provision was improper. There also exists no basis for federal question jurisdiction, as Plaintiffs raised no federal claims, and no basis for diversity jurisdiction, as there is not complete diversity. As such, the Court does not have subject matter jurisdiction over this case.

## CONCLUSION

Given the strong presumption against removal and Defendants' failure to establish that there was a common question of law or fact at the time of removal, as required by the CAFA mass action provision, the Court hereby orders that:

1. This case is REMANDED to the Superior Court of California, County of Sacramento.

2. Defendants' Motion to Dismiss is DENIED AS MOOT. (ECF No. 153.)

3. Plaintiffs are awarded costs and attorney fees accrued in response to Defendants' removal. See 28 U.S.C. § 1447(c).

///

4. Defendant Aurora Loan Services LLC's Motion to Dismiss is also DENIED AS MOOT. (ECF No. 173.)

IT IS SO ORDERED.

Dated: December 20, 2012

*[signature]*

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT